UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN EDWARD SMITH,

        Petitioner,

                                  CASE NO. 2:17-cv-10306
v.                               HONORABLE VICTORIA A. ROBERTS

WILLIE O. SMITH,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S LETTER REQUEST AND MOTION TO HAVE RESPONDENT'S ANSWER DEEMED WAIVED OR FORFEITED [10, 11], DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING [12], AND GRANTING IN PART PETITIONER'S MOTION FOR AN EXTENSION OF TIME [13]

Petitioner John Edward Smith, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Currently before the Court are Petitioner's letter and motions for (1) a ruling that Respondent's answer to the petition is waived or forfeited, (2) an evidentiary hearing, and (3) an extension of time to file a reply to Respondent's answer. Respondent has not filed an answer to the motions. For the reasons that follow, the Court denies the first two motions and grants in part the third motion.

## I. Background

In 2014, a Wayne County Circuit Court jury found Petitioner guilty of larceny from a person, Mich. Comp. Laws § 750.357, and larceny in a building, Mich. Comp. Laws § 750.360. The trial court sentenced Petitioner to nine to twenty years in prison for the larceny from a person and one to four years in prison for the larceny in a building. The

Michigan Court of Appeals affirmed Petitioner's convictions and sentence, *see People v. Smith*, No. 321099 (Mich. Ct. App. Aug. 4, 2015), and on June 28, 2016, the Michigan Supreme Court denied leave to appeal. *See People v. Smith*, 499 Mich. 967; 880 N.W.2d 580 (2016).

On January 31, 2017, Petitioner filed his habeas petition. He alleges as grounds for relief that: (1) the trial court erred and abused its discretion when it denied his motion to suppress evidence and to declare his arrest illegal; (2) the trial court erred when it denied his first motion to quash, which was based on the delay in arraigning him; (3) the trial court erred when it denied his second motion to quash, which was based on the untimeliness of the preliminary examination; and (4) the prosecutor violated discovery rules when he admitted certain evidence, standby counsel contributed to the introduction of the evidence, and the trial court abused its discretion by not examining the circumstances surrounding the acquisition and admission of the evidence. Respondent argues in an answer to the petition that Petitioner's claims are barred from substantive review, are procedurally defaulted, or lack merit.

## II. Analysis

### A. The Letter and Motion Regarding Waiver or Forfeiture

In a letter to the Court filed on August 21, 2017, Petitioner alleges that Respondent failed to file a timely answer to his petition. Petitioner asks the Court to disallow any late pleading filed by Respondent on the basis that the delay in filing a response to the petition is unjustified.

In a subsequent motion dated September 14, 2017, and filed on September 21, 2017, Petitioner alleges that Respondent failed to file an answer to the petition and the

relevant transcripts and appellate briefs from the state-court case. Petitioner asks the Court to compel Respondent to submit the transcripts and other relevant state-court documents and to rule that Respondent waived or forfeited his right to file an answer to the petition.

The Court's docket indicates that, on February 6, 2017, the Magistrate Judge ordered Respondent to file a responsive pleading and the state-court record by August 7, 2017. *See* ECF No. 4. On August 3, 2017, Respondent filed a timely response to the habeas petition and the relevant portions of the state-court record. *See* ECF Nos. 8 and 9. The Court, therefore, denies Petitioner's letter request (ECF No. 10) and his motion (ECF No. 11) to deem Respondent's answer waived or forfeited.

## B. The Motion for an Evidentiary Hearing

Petitioner seeks an evidentiary hearing to show that the state-court decisions and opinions in his case are not entitled to deference on habeas review. Petitioner contends that the state courts' fact-finding procedures and findings were inadequate and that the material facts were not fully developed in state court.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) govern this case, and

> AEDPA restricts the availability of federal evidentiary hearings. *See Davis v. Lafler*, 658 F.3d 525, 539 (6th Cir. 2011) (*en banc*) (Martin, J., concurring in part). For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is limited to the record that was before the state court at the time. *See* [*Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011)]; 28 U.S.C. § 2254(d)(2).

*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). If the state court did not adjudicate the petitioner's claims on the merits, the question is whether the

petitioner failed to develop the factual basis for his claims in state court, *id.*, and when the petitioner is not barred by statute from obtaining an evidentiary hearing, "the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007).

The Michigan Court of Appeals adjudicated most of Petitioner's claims on the merits. As to those claims, the Court is prohibited from holding an evidentiary hearing, because the Court is limited to the record that was before the state court. *Pinholster*, 563 U.S. at 181. As to any claims that the state court did not adjudicate on the merits, the record is sufficient to resolve Petitioner's claims, and an evidentiary hearing is unnecessary. Accordingly, the Court denies Petitioner's motion for an evidentiary hearing (ECF No. 12).

### C. The Motion for an Extension of Time

In his third and final motion, Petitioner requests an extension of time to file a reply to Respondent's answer to his habeas petition. Although Respondent filed his answer to the habeas petition on August 3, 2017, Petitioner alleges that he did not receive the pleading until September 22, 2017. The Court grants Petitioner's request for an extension of time to file a reply (ECF No. 13), and because Petitioner has already filed his reply to the responsive pleading, *see* ECF No. 14, the Court considers the reply timely.

Petitioner's motion also seeks, once again, to have the Court find that Respondent waived or forfeited his right to file an answer. According to Petitioner, Respondent mailed his answer to Petitioner on September 20, 2017, and falsely

claimed in the certificate of service attached to his answer to the petition that he mailed his responsive pleading to Petitioner on August 3, 2017.

The Court denies this request because the failure to mail the responsive pleading to Petitioner in a timely manner may have been inadvertent. The Court does not believe it was done in bad faith.

### III. Conclusion

For the reasons given above,

• the Court denies Petitioner's letter request (ECF No. 10) and motion (ECF No. 11) to have Respondent's answer to the petition declared waived or forfeited;

• the Court denies Petitioner's motion for an evidentiary hearing (ECF No. 12); and

• the Court grants in part and denies in part Petitioner's motion for an extension of time (ECF No. 13). The Court grants the portion of the motion that seeks an extension of time, but denies the additional request to declare Respondent's answer to the petition waived or forfeited.

S/Victoria A. Roberts<br>
VICTORIA A. ROBERTS

Dated: March 2, 2018        UNITED STATES DISTRICT JUDGE